| | |
|---|---|
| 1 | TINA WOLFSON, SBN 174806 |
| 2 | twolfson@ahdootwolfson.com |
| 3 | ROBERT AHDOOT, SBN 172098 |
|   | rahdoot@ahdootwolfson.com |
| 4 | AHDOOT & WOLFSON, APC |
| 5 | 10850 Wilshire Boulevard, Suite 370 |
|   | Los Angeles, California 90024 |
| 6 | Tel: (310) 474-9111; Fax: (310) 474-8585 |

**FILED**
APR 27 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Attorneys for Plaintiff
SHINLI CHI

LB

FILED BY FAX

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CASE NO. CV 11 2081

SHINLI CHI, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiffs,

vs.

SONY NETWORK ENTERTAINMENT AMERICA, INC., a Delaware Corporation; SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware Limited Liability Company; SONY NETWORK ENTERTAINMENT INTERNATION, LLC, a Delaware Limited Liability Company; SONY COMPUTER ENTERTAINEMENT AMERICA, INC., a Delaware Corporation; and DOES 1-10,

Defendants.

**CLASS ACTION COMPLAINT FOR:**

1. Violation of the California Unfair Competition Law, Business & Professions Code §17200, *et seq*.
2. Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and California Constitutional Right to Privacy
3. Negligence
4. Bailment

**DEMAND FOR JURY TRIAL**

---

**CLASS ACTION COMPLAINT**

Plaintiff SHINLI CHI ("Plaintiff") bring this action against Defendants SONY NETWORK ENTERTAINMENT AMERICA, INC., a Delaware Corporation, SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware Limited Liability Company, SONY NETWORK ENTERTAINMENT INTERNATION, LLC, a Delaware Limited Liability Company, SONY COMPUTER ENTERTAINEMENT AMERICA, INC., a Delaware Corporation (collectively, "Defendants" or "SONY"), and DOES 1-10 on behalf of himself and all others similarly situated. Plaintiff makes the following allegations upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record:

## PRELIMINARY STATEMENT

1. This is a consumer class action lawsuit brought on behalf of Plaintiff, individually, and on behalf of all other persons who subscribed to Defendants' PlayStation Network and Qriocity services, whose identities, personal and financial information collected and maintained by SONY was breached on or about April 17-19.

2. SONY failed to keep safe their customers' sensitive, private, financial information safe and to promptly notify its customers of the data breach, despite the fact that SONY was aware of the breach for at least a week. Even when SONY did notify its customers of the breach, it did so indirectly, by posting a message online, instead of contacting each customer directly.

3. Plaintiff files this class action on behalf of himself and all others similarly situated to obtain damages, restitution and injunctive relief for the Class, as defined,

*infra*, from SONY.

## PARTIES

4. Plaintiff is an individual who resides in Los Angeles County, California. Plaintiff is a PlayStation Network subscriber.

5. Defendant SONY NETWORK ENTERTAINMENT AMERICA, INC., is a Delaware Corporation headquartered in Foster City, California.

6. Defendant SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware Limited Liability Company headquartered in Foster City, California.

7. Defendant SONY NETWORK ENTERTAINMENT INTERNATION, LLC, is a Delaware Limited Liability Company headquartered in Foster City, California.

8. Defendant SONY COMPUTER ENTERTAINEMENT AMERICA, INC., is a Delaware Corporation headquartered in Foster City, California.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than SONY's state of citizenship, which is California.

10. This Court has personal jurisdiction over SONY because Defendants have their headquarters and principal place of business, and are authorized to do business, in

CLASS ACTION COMPLAINT

the State of California.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because SONY resides in this District, many of the acts and transactions giving rise to this action occurred in this District and because SONY is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

12. SONY sells and distributes the Sony PlayStation 3 ("PS3"), a widely popular entertainment and gaming platform, throughout the United States, and operates the PlayStation Network, which has millions of subscribers.

13. SONY operates the "Qriocity Services," which allow owners of SONY devices such as the PS3 to download entertainment content including video games, movies, TV shows, and music, directly to those SONY devices.

14. SONY devices other than the PS3 that are capable of accessing Qriocity Services include SONY's PSP (PlayStation Portable) System, Bravia Televisions, and Sony Blu-Ray Disc Players (collectively, "SONY DEVICES").

15. On April 26, 2011, SONY announced that a hacker has obtained the personal and financial information of PlayStation Network account holders and subscribers of the Qriocity streaming services, including, name, address (city, state, zip), country, email address, birthdate, PlayStation Network/Qriocity password and login, and handle/PSN online ID; breached data also included, potentially, the customers' profile data, including credit card numbers, card expiration dates, purchase

history and billing address (city, state, zip), the customers' PlayStation Network/Qriocity password security answers, as well as same data for any authorized sub-accounts for customers' dependents (hereafter, collectively, "Private Information").

16. The breach of this personal and financial data occurred between April 17 and 19, 2011, but SONY did not notify its customers indirectly until at least a week later. The notification on April 26, 2011, was not a direct message to the customers but, rather, a post on http://blog.us.playstation.com.

## CONSEQUENCES OF DEFENDANTS' CONDUCT

17. The ramifications of Defendants' failure to keep class members' data secure are severe.

18. The information Defendants lost, including Plaintiffs' identifying information and other financial information, is "as good as gold" to identity thieves, in the words of the Federal Trade Commission ("FTC"). FTC, *About Identity Theft*, available at <http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html> (visited March 23, 2011). Identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes. *Id.* The FTC estimates that as many as 9 million Americans have their identities stolen each year. *Id.*

19. Identity thieves can use identifying data to open new financial accounts

and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards. *Id.*

20. Identity thieves can use personal information such as that pertaining to the Class, which Defendants failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims. For instance, identity thieves may commit various types of government fraud such as: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

21. In addition, identity thieves may get medical services using the Plaintiffs' lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

22. Annual monetary losses from identity theft are in the billions of dollars. According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts, . . . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit. Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.
>
> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a

considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

*The President's Identity Theft Task Force Report* at p.21 (Oct. 21, 2008), available at <http://www.idtheft.gov/reports/StrategicPlan.pdf>.

23. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

GAO, *Report to Congressional Requesters*, at p.33 (June 2007), available at <http://www.gao.gov/new.items/d07737.pdf>.

24. Plaintiffs and the Class they seek to represent now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on his own behalf, and on behalf of all other persons similarly situated ("the Class"). The Class that Plaintiffs seek to represent is: All persons who are or who have ever subscribed to PlayStation Network or Qriosity services provided by Defendants and whose personal and/or financial information was breached on or about April 17-19, 2011. Excluded from the Class are Defendants;

officers, directors, and employees of Defendants; any entity in whic Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendants.

26. The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiffs at this time, based on information and belief, it is in the millions.

27. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

28. This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the member of the Class that predominate over any questions affecting only individual members, including, but not limited to:

   a. Whether Defendants unlawfully used, maintained, lost or disclosed Class members' personal and/or financial information;

   b. Whether Defendants' conduct violated the California Business & Professions Code §17200, *et seq.*

   c. Whether Defendants' conduct was negligent;

   d. Whether Defendants acted willfully and/or with oppression, fraud, or malice;

  e. Whether Defendants' conduct constituted Intrusion;

  f. Whether Defendants' conduct constituted Public Disclosure of Private Facts;

  g. Whether Defendants' conduct constituted Misappropriation of Likeness and Identity;

  h. Whether Defendants' conduct violated Class members' California Constitutional Right to Privacy;

  i. Whether Defendants' conduct constituted Bailment;

  j. Whether Defendants' conduct constituted Conversion;

  k. Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

29. Plaintiff's claims are typical of those of other Class members because Plaintiff's information, like that of every other class member, was misused and/or disclosed by Defendants.

30. Plaintiff will fairly and accurately represent the interests of the Class.

31. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants and would lead to repetitive adjudication of common questions of law and fact. Accordingly, class treatment is superior to any other method for adjudicating the controversy. Plaintiff knows of no difficulty that will be encountered in the

management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

32. Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

33. Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

## FIRST COUNT

**Violation of the California Unfair Competition Law, Business & Professions Code §17200, *et seq.***

**(Against all Defendants)**

34. Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

35. Defendants' conduct constitutes unfair and illegal and fraudulent business practices within the meaning of the California Business & Professions Code § 17200 *et seq.*

36. Defendants' conduct violated certain laws as alleged herein. By engaging in the said conduct in the course of doing business, Defendants engaged in unlawful business practices in violation of the California Business & Professions Code § 17200 *et seq.*

37. By engaging in the above-described conduct in the course of doing business, Defendants engaged in unfair business practices in violation of the California Business & Professions Code section 17200 *et seq*. The harm to each Plaintiff outweighed any utility that Defendants' conduct may have produced.

38. Defendants' failure to disclose to its customers for at least a week after the fact that their personal and financial information was breached, misused and/or disclosed, was likely to mislead the general public and constitutes a fraudulent act or practice in violation of California Business & Professions Code section 17200 *et seq*.

39. Plaintiffs suffered injury in fact and lost property and money as a result of Defendants' conduct.

40. Plaintiffs seek restitution and injunctive relief on behalf of the Class.

## SECOND COUNT

### Invasion of Privacy - Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and California Constitutional Right to Privacy

### (Against All Defendants)

41. Plaintiffs incorporate the substantive allegations contained in all previous paragraphs as if fully set forth herein.

42. Plaintiffs had a reasonable expectation of privacy in the Private Information Defendants mishandled.

43. By failing to keep Plaintiff's Private Information safe, and by misusing

CLASS ACTION COMPLAINT

and/or disclosing said information to unauthorized parties for unauthorized use, Defendants invaded Plaintiff's privacy by:

    a.    intruding into Plaintiff's private affairs in a manner that would be highly offensive to a reasonable person;

    b.    publicizing private facts about Plaintiff, which is highly offensive to a reasonable person;

    c.    using and appropriating Plaintiff's identity without Plaintiffs' consent;

    d.    violating Plaintiff's right to privacy under California Constitution, Article 1, Section 1, through the improper use of Plaintiff's Private Information properly obtained for a specific purpose for another purpose, or the disclosure of it to some third party.

44. Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's position would consider Defendants' actions highly offensive.

45. Defendants invaded Plaintiff's right to privacy and intruded into Plaintiff's private affairs by misusing and/or disclosing Plaintiff's Private Information without his informed, voluntary, affirmative and clear consent.

46. As a proximate result of such misuse and disclosures, Plaintiff's reasonable expectations of privacy in his Private Information was unduly frustrated and thwarted. Defendants' conduct amounted to a serious invasion of Plaintiff's

protected privacy interests.

47. In failing to protect Plaintiff's Private Information, and in misusing and/or disclosing Plaintiff's Private Information, Defendants have acted with malice and oppression and in conscious disregard of Plaintiff's and the Class members' rights to have such information kept confidential and private. Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

### THIRD COUNT

### Negligence

### (Against All Defendants)

48. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

49. Defendants came into possession of Plaintiff's Private Information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

50. Defendants had a duty to timely disclose that Plaintiff's Private Information within its possession had been compromised.

51. Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's Private Information.

52. Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care in protecting and

safeguarding Plaintiff' Private Information within Defendants' possession.

53. Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's Private Information.

54. Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiff and the Class members the fact that their Private Information within their possession had been compromised.

55. Defendants' negligent and wrongful breach of their duties owed to Plaintiff and the Class proximately caused Plaintiff' and Class members' Private Information to be compromised.

56. Plaintiff seeks the award of actual damages on behalf of the Class.

## FOURTH COUNT

### Bailment

### (Against All Defendants)

57. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

58. Plaintiff and the Class members delivered and entrusted their Private Information to Defendants for the sole purpose of receiving services from Defendants.

59. During the time of bailment, Defendants owed Plaintiff and the Class members a duty to safeguard this information properly and maintain reasonable

security procedures and practices to protect such information. Defendants breached this duty.

60. As a result of these breaches of duty, Plaintiff and the Class members have suffered harm.

61. Plaintiff seeks actual damages on behalf of the Class.

## SIXTH COUNT

### Conversion

### (Against All Defendants)

62. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

63. Plaintiff and Class members were the owners and possessors of their Private Information. As the result of Defendants' wrongful conduct, Defendants have interfered with the Plaintiff's and Class Members' rights to possess and control such property, to which they had a superior right of possession and control at the time of conversion.

64. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class members suffered injury, damage, loss or harm and therefore seek compensatory damages.

65. In converting Plaintiff's Private Information, Defendants have acted with malice, oppression and in conscious disregard of the Plaintiff' and Class members' rights. Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

15

**CLASS ACTION COMPLAINT**

66. Plaintiff and the Class members did not consent to SONY's mishandling and loss of their Private Information.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A. For an Order certifying this action as a class action and appointing Plaintiff and their Counsel to represent the Class;

B. For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' Private Information, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

C. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

D. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E. For an award of punitive damages;

F. For an award of costs of suit and attorneys' fees, as allowable by law; and

///

///

G.  Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of their claims to the extent authorized by law.

Dated:     April 27, 2011                AHDOOT & WOLFSON, PC

By: _____
Tina Wolfson

Attorneys for Plaintiff
SHINLI CHI